Joe Alfred IZEN, Jr.; Karen Suter Izen, Plaintiffs–Appellants,

v.

Terrance CATALINA, Special Agent, Individually; James Climer, Special Agent, Individually; United States of America, Defendants–Appellees.

No. 02–21182.

United States Court of Appeals, Fifth Circuit.

Aug. 23, 2004.

Joe Alfred Izen, Jr., Izen & Associates, Bellaire, TX, pro se and for Karen Suter Izen.

John A. Dudeck, Jr., Jonathan S. Cohen, U.S. Dept. of Justice, Tax Div., Washington, DC, for Defendants–Appellees.

Before JONES, MAGILL * and SMITH, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant Joe Alfred Izen, Jr., a Texas attorney, appeals the district court's order granting summary judgment in favor of IRS agents Terrance Catalina and James Climer. Izen's *Bivens* action alleges that Catalina and Climer engaged in malicious prosecution and retaliation in violation of the Fourth and First Amendments, respectively, when they investigated and prosecuted him for money laundering. The district court, acting on remand from this court in *Izen v. Catalina,* 256 F.3d 324 (5th Cir.2001) ("*Izen I*"), granted summary judgment in favor of the agents on Izen's Fourth Amendment malicious prosecution claim on the ground that Izen did not meet the common law elements of that tort. It granted the agents' motion for summary judgment on Izen's First

---

* Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Amendment retaliation claim for the same reason, and held in addition that Izen had not raised a genuine issue of material fact as to the agents' retaliatory motive. The court also granted the United States' motion for summary judgment on Izen's Federal Tort Claims Act claims of malicious prosecution, false arrest, intentional infliction of emotional distress, and negligence. Izen appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's grant of summary judgment on all of Izen's claims other than his claim against Catalina for retaliation; As to that claim we reverse and remand.

## I.

Izen is a tax attorney. He has long represented tax protestors and other defendants in criminal tax cases. In August 1989, IRS agent Catalina received a referral from the Waco, Texas IRS collection office alleging that Izen had not filed income tax returns for tax years 1986, 1987, and 1988. The referral contained allegations from a third party informant that Izen was involved in money laundering, including allegations that Izen was involved in the failure of a private bank and had accounts in foreign countries. Catalina soon deemed the informant unreliable. Izen alleges the informant was Michael J.B. Easton, who had an indictment pending against him at the time and, according to Izen, aided Izen's ex-wife in surreptitiously withdrawing a large sum of money from an account of Izen's.

In October 1989, Catalina accepted the referral for investigation of the charge of failure to file tax returns. He determined there was insufficient basis to investigate Izen for money laundering, but recommended opening a criminal income tax investigation for the years 1986 through 1988 based on the missing returns. Catalina also recommended including 1985 in the investigation, though a return had been filed. Catalina's tax investigation was soon derailed by the fact that Izen ultimately filed his 1986 return in September 1989, and filed his 1987 and 1988 returns in April 1990, even receiving refunds approved by Catalina.

Although Catalina dropped the income tax investigation, he then embarked on a money laundering investigation. Izen alleges that the impetus for the investigation was a desire to retaliate against him for his history of association with tax protestors, his representation of criminal tax defendants, and his representation of taxpayers utilizing foreign trusts to reduce their federal income tax. *See, e.g., United States v. Dahlstrom,* 713 F.2d 1423 (9th Cir.1983) (reversing the convictions of foreign tax shelter promoters, one of whom was represented by Izen). Izen's contention finds support in IRS investigative reports that prominently mention both Izen's association with tax protestors as well as his successful representation of tax clients. Catalina in turn alleges that the investigation was prompted by his review of various reports concerning a client of Izen's, Nassau Life Insurance Company Limited ("NLIC"), and persons and banks related to or doing business with that entity.

Upon reviewing the reports concerning Izen's client, Catalina commenced an undercover investigation of Izen himself which lasted from 1990 to 1992. Climer was the undercover agent assigned to the investigation. Climer posed as a client seeking to create a foreign trust in which to deposit proceeds from the sale of purportedly stolen oil. Numerous conversations between Izen and Climer were apparently taped, though the agents have not

placed any of the recordings in the record.[1] Catalina testified before a grand jury in May 1995, and it returned a four-count indictment of Izen for conspiracy to commit money laundering and aiding or abetting or attempting money laundering. Izen alleges that the indictment was secured in part due to alleged misrepresentations made by Catalina to the grand jury.[2] In May 1996, for undisclosed reasons, the United States moved to withdraw the presentment of the indictment and all criminal charges against Izen were dismissed.

Izen brought suit in 1997, alleging various constitutional and non-constitutional torts. The district court dismissed all of Izen's claims. Izen appealed the dismissal of his Fourth Amendment malicious prosecution claim, his First Amendment retaliation claim, his Fifth Amendment claim, the denial of his motion for disclosure of grand jury materials, and the grant of summary judgment in favor of the agents based on their qualified immunity defense.

In *Izen I* we reversed the dismissal of the malicious prosecution and retaliation claims, holding that the district court had misconstrued the applicable law on both. In addition, we held that a genuine issue of material fact existed as to whether Izen was investigated and prosecuted in retaliation for representing criminal tax defendants. We affirmed the dismissal of Izen's Fifth Amendment claim as well as the denial of his motion for disclosure.

On remand, Izen filed a second amended complaint in which he added a Federal Tort Claims Act cause of action against the United States. The district court again granted summary judgment in favor of the agents and United States on all claims. Izen appeals the grant of summary judgment on his malicious prosecution claim, his retaliation claim, and his Federal Tort Claims Act cause of action.

## II.

This court reviews a grant of summary judgment *de novo*. *Chriceol v. Phillips,* 169 F.3d 313, 315 (5th Cir.1999). We may affirm a grant of summary judgment on grounds other than those offered by the district court. *Id.* The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If this burden is met, then the nonmoving party must set forth specific facts showing a genuine issue for trial remains. Fed.R.Civ.P. 56(e).

### A. Malicious Prosecution

We affirm the district court's order granting summary judgment on Izen's claim of malicious prosecution, though on different grounds. In this circuit, plaintiffs no longer allege a constitutional violation by satisfying the state law elements of malicious prosecution alone. *Castellano v. Fragozo,* 352 F.3d 939, 942 (5th Cir.2003) (en banc).[3] Because Izen's complaint does

---

1. Izen placed in the record those portions of the recordings which he argues are exculpatory.

2. Only a small fraction of Catalina's grand jury testimony is in the record. Because of Izen's allegations, the district court did not rely on the indictment.

3. Though the claim in *Castellano* was brought under § 1983 while Izen invokes *Bivens*, we

have held that the constitutional torts authorized by each are coextensive. *Evans v. Ball,* 168 F.3d 856, 863 n. 10 (5th Cir.1999), *overruled on other grounds by Castellano,* 352 F.3d 939 ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials."). Thus we do not distinguish here between *Bivens* claims and § 1983 claims.

not state a claim under the Fourth Amendment directly, the district court properly granted the agents' motion for summary judgment.[4]

## B. Federal Tort Claims Act

Izen's second amended complaint alleges claims under the Federal Tort Claims Act based on the state torts of malicious prosecution, false arrest, intentional infliction of emotional distress, and negligence. The district court held that each of these claims failed for lack of exhaustion under 28 U.S.C. § 2675. Section 2675 provides that a would-be plaintiff must first present his claim to the appropriate federal agency. While Izen did so, the district court held that the scope of the claims stated in his second amended complaint went far beyond his administrative complaint. Because Izen has not contested this holding, we affirm.

## C. First Amendment Retaliation

### 1. The Retaliation Standard

■ Izen alleges that Catalina launched the sting operation and prosecuted him in retaliation for his history of representing criminal tax defendants. "[T]he First Amendment prohibits not only direct limitations on speech but also adverse government action against an individual because of her exercise of First Amendment freedoms." *Colson v. Grohman,* 174 F.3d 498, 508 (5th Cir.1999).[5] Subjecting an attorney to criminal investigation and prosecution with the substantial motivation of dissuading him from associating with and representing clients opposing the IRS would violate the First Amendment.

■ In the criminal prosecution context, plaintiffs must establish three elements in order to make out a retaliation claim. *Keenan v. Tejeda,* 290 F.3d 252, 258 (5th Cir.2002). Plaintiffs must show that "(1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Id.* As the *Keenan* court noted, this is the law of other circuits as well. *Id.* (citing cases from the Eighth, Tenth, and Sixth Circuits). This court requires plaintiffs in the prosecution context to establish each of the common law malicious prosecution elements in addition to those three derived from the First Amendment. *Id.* at 260; *see also Johnson v. La. Dep't of Agric.,* 18 F.3d 318, 320 (5th Cir.1994) (same).

The district court applied the *Johnson* standard and granted summary judgment on behalf of the agents, reasoning in part that Izen had not established the common law elements of malicious prosecution. *Izen v. Catalina,* 251 F.Supp.2d 1327, 1340–41 (S.D.Tex.2002). In particular, the court held that Izen had not raised an issue of material fact as to whether the agents lacked probable cause to prosecute.

■ It is true, as the district court noted, that the government need not have even reasonable suspicion to undertake an investigation. *United States v. Allibhai,* 939 F.2d 244, 249 (5th Cir.1991). However-

---

4. Nor does the record here support a claim directly under the Fourth Amendment, rendering remand fruitless.

5. *See also Smith v. Plati,* 258 F.3d 1167, 1176 (10th Cir.2001) (" 'Any form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom.' ") (quoting *Worrell v. Henry,* 219 F.3d 1197, 1212 (10th Cir.2000)).

er, this is beside the point. Izen's claim, properly understood, is not that Catalina violated the First Amendment by undertaking an investigation without reasonable suspicion, but rather that he violated the First Amendment when he undertook an investigation with the substantial motivation of retaliating against Izen for his advocacy on behalf of unpopular criminal tax defendants. *Allibhai*'s holding that the government need not have reasonable suspicion in order to investigate does not entail the proposition that the government may investigate with the motive of retaliating against its target for engaging in constitutionally protected conduct.[6] It is well established that " '[a]n act taken in retaliation for the exercise of a constitutionally protected right is actionable ... even if the act, when taken for a different reason, would have been proper.' " [7]

## 2. Evidence of Retaliation

As an alternative reason for granting summary judgment in favor of the agents, the district court held that Izen had failed to meet his burden of raising an issue of material fact as to whether Catalina's decision to investigate and prosecute him was substantially motivated by Izen's representation of criminal tax defendants. 251 F.Supp.2d at 1342. We disagree.

In *Izen I*, we explicitly held that "[b]ased on the record and the briefs, there is a genuine issue of material fact as to the reasons Izen was investigated and prosecuted and therefore we vacate the grant of summary judgment as to Izen's retaliatory prosecution claim." 256 F.3d at 329. The district court avoided our mandate by reasoning that it was limited to the record then before us, which the district court had since allowed the agents to augment. 251 F.Supp.2d at 1343.

There is an exception to the law of the case doctrine where evidence at a subsequent trial is substantially different than that on the record before the court of appeals. *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir.2002), *cert. denied*, 538 U.S. 938, 123 S.Ct. 1604, 155 L.Ed.2d 341 (2003). A district court may hear additional evidence on remand only if our mandate does not foreclose the issue. *United States v. Becerra*, 155 F.3d 740, 754 (5th Cir.1998). Here, while we did not direct the district court to consider additional evidence, our mandate did not foreclose it. However, we cannot agree with the district court that "Izen completely fails to present any evidence, direct or circumstantial, that Catalina or Climer had any retaliatory motivation against him." 251 F.Supp.2d at 1342. Because in *Izen I* we held that there was a genuine issue of material fact as to the agents' motivation, we need only consider whether the evi-

6. Under the district court's reasoning, the government could choose its targets based in large part on their race, religion, or political affiliation as well. We reject the notion that *Allibhai* leads to this conclusion. *See Anderson v. Davila*, 125 F.3d 148, 160–61 (3d Cir.1997) (holding that the government's motive in setting up surveillance of a suspect is relevant to a retaliation claim).

7. *Greene v. Barber*, 310 F.3d 889, 895 (6th Cir.2002) (quoting *Bloch v. Ribar*, 156 F.3d 673, 681–82 (6th Cir.1998)); *Morfin v. City of E. Chicago*, 349 F.3d 989, 1005 (7th Cir.2003)

(same); *Poole*, 271 F.3d at 961; *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir.2001) (same); *cf. Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (holding that even though a teacher "could have been discharged for no reason whatever, and had no constitutional right to a hearing prior to the decision not to rehire him, he may nonetheless establish a claim to reinstatement if the decision not to rehire him was made by reason of his exercise of constitutionally protected First Amendment freedoms").

dence offered in the interim has negated this holding.

Far from negating a genuine issue of material fact as to Catalina's motivation, the evidence adduced on remand provides further support for Izen's position. The evidence now in the record provides proof that Catalina was well aware of Izen's representation of criminal tax defendants. A Criminal Investigation Case Analysis Guide bearing Catalina's name and dated 10/17/89 contains the following statements: "The subject of the [money laundering] investigation is an attorney who specializes in representing tax protestors.... The taxpayer has represented several protestors in the Houston area and all across the country. He is very well known in the protest movement." R. at 771.

Catalina's Request for Undercover Operation form also prominently notes Izen's association with tax protestors, and mentions a case in which Izen successfully opposed the IRS: "Izen is very well known throughout the country. He has represented tax protestors from the East coast to the West coast. Izen represented Dahlstrom before the Ninth Circuit. Dahlstrom's conviction was reversed. The case had to do with a foreign trust scheme devised to create sham tax deductions." R. at 732. Despite the fact that much of the information Catalina relates about Izen pertains to his representation of clients in his professional capacity, Catalina concludes that "Izen's actions demonstrate that he has very little regard for the tax laws and is predisposed to launder money." R. at 731.

Moreover, a Statistics and Case Summary Report dated December 11, 1989, and allegedly drafted by Catalina's supervisor commences with the following under the heading of "Allegations": "Izen is a well known tax protestor attorney in the Houston area. He files personal returns on an irregular basis, and they are always filed late. He was head of the legal dept. for Nassau Life Insurance, a tax shelter in the Bahama Islands. He had close ties to the Center for Independence for Judges and Lawyers...." R. at 756.

In addition to those reports bearing Catalina's name, reports that Catalina claims to have considered in deciding to prosecute Izen also strengthen his retaliation claim. One of the primary sources of information Catalina relied on was a 1986 Summary Report regarding NLIC, Izen's client. R. at 670. However, nothing in the report connects Izen to money laundering. Instead, the report details a tax shelter devised by the former President of NLIC, Robert S. Chappell, a fugitive on an Indiana mail fraud conviction living in the Bahamas.

The report contains a section entitled "PROTEST GROUP AFFILIATIONS," in which it is alleged that:

> Chappell and his organization have attracted a number of fugitives and individuals who are anti-government, anti-black, anti-Jew, etc. The business has been increasing since joining forces with these extremist groups. The seminars at Rock Sound Club are attended, promoted, and taught by the right wing Klu Klux Klan affiliates.

> Several fugitives are allegedly living in the Bahamas and working with Chappell. These fugitives include tax protestors involved with militant groups such as the Posse Comitatus, Patriot Network, and Center for Independence of Judges and Lawyers.

R. at 666. Numerous individuals are listed as somehow affiliated with Chappell, though it is striking that none is accused in the report of laundering money. The sole mention of Izen is as follows: "Izen is an attorney out of Houston, Texas. He has

issued tax opinions for Nassau Life. According to intelligence that we have acquired, Izen has been representing Nassau Life since June 1983. IRS discontinued an investigation of Izen in April 1984." R. at 661.

Thus both the reports prepared by Catalina and those he reviewed prominently refer to Izen's associations with unpopular targets of the IRS, but contain scant, if any, evidence of money laundering, the purported purpose of the investigation. Catalina and Climer later gathered evidence in their sting operation which they claim supports their defense that Izen was not investigated and prosecuted in retaliation for his protected activities, but rather for his apparent willingness to engage in suspect transactions.

However, analyzed under the third element of *Keenan* and set against the evidence above, we cannot agree that Izen has failed to raise a genuine issue of material fact as to retaliatory motive. A reasonable trier of fact could determine that retaliation was a substantial motivation for Catalina's investigation and prosecution of Izen.

Although we reverse the district court's grant of summary judgment as to Catalina, we affirm its grant of summary judgment as to Climer. All of the evidence pertaining to the agents' motive relates to Catalina, not Climer. In order to maintain a claim against Climer, Izen must establish that Climer caused him to suffer an injury that would chill a person of ordinary firmness from continuing to represent tax defendants, and that Climer was substantially motivated by Izen's representation.

Izen has shown neither. He has pointed to no evidence that Climer caused the alleged constitutional violation; nor does he point to evidence of retaliatory motive harbored by Climer.

### 3. Qualified Immunity

The district court offered alternative reasons for holding that Catalina is entitled to qualified immunity. In our qualified immunity analysis, we must "first determine whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of federal law in the first place." *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir.2004) (en banc). The district court reasoned that because Izen could not prove his retaliation claim, he could not make the necessary showing of a constitutional violation. 251 F.Supp.2d at 1343. Our position on retaliation requires us to reverse this holding as well.

Taking Izen's allegations as true, he alleges a violation of the First Amendment. The second prong of qualified immunity analysis requires us to determine whether the agent's conduct violated clearly established federal law. *Kinney*, 367 F.3d at 350. It has long been the law of this circuit that government officials violate the First Amendment by undertaking a prosecution "in retaliation for or to deter the exercise of constitutionally protected rights." *Wilson v. Thompson*, 593 F.2d 1375, 1377 (5th Cir.1979). If substantially motivated by a desire to retaliate against Izen for his association with and representation of tax defendants (an issue we are remanding for a fact finder to determine), Catalina's actions were not objectively reasonable. A reasonable agent would not have believed it permissible to investigate and prosecute an attorney in order to discourage him from opposing the IRS.

### III.

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment as to all of Izen's claims other than his claim of First Amendment

retaliation on the part of agent Catalina. As to that issue, we REVERSE and RE-MAND for further appropriate proceedings.